UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Drake, Pro Se ) | Civil Action No. 3:06-1611-MJP-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Sheriff Deputy Dale Ham, Kershaw County ) | |
| Sheriff's Department, County Commissioners ) | |
| of Kershaw County, State of South Carolina, ) | |
| Mark Sanford Governor of South Carolina, ) | |
| and Tuffy's Towing & Garage, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Defendant Sanford's Motion to Dismiss filed August 11,

2006 and Motion for Sanctions filed June 5, 2007.

## I.  FACTS

On May 26, 2006, the Plaintiff, appearing pro se, accused Defendant Sanford and other

Defendants of violating his constitutional rights. This Court construes this as an action under 42

U.S.C. § 1983. Defendant Sanford filed a Motion to Dismiss on August 11, 2006. On August 15,

2006, the Plaintiff filed a Motion to Strike Motion to Dismiss and Memorandum in Support, which this

Defendant and the Court are treating as a Memorandum in Opposition to Defendant's Motion to

Dismiss. Defendant Sanford filed a Reply Memorandum to Plaintiff's Motion to Strike Motion to

Dismiss and Memorandum in Support on August 17, 2006.

On March 9, 2007, the Honorable Joseph R. McCrorey, United States Magistrate Judge, filed a

Report and Recommendation, in which he recommended that Defendant Sanford's Motion to Dismiss

be granted. On March 20, 2007, the Plaintiff, John Drake, filed an Objection to the Report and

Recommendation.

1

The Court scheduled and held a hearing on the Magistrate's Report and Recommendation on May 16, 2007.  At the hearing, Mr. Sakima Bey appeared for the first time on behalf of the Plaintiff and represented that he was admitted to practice in  North Carolina.   The Court granted the Plaintiff and Mr. Bey thirty (30) days to file a Memorandum in Opposition to the Motion to Dismiss,  during which time Mr. Bey would take care of making a proper appearance before this Court.  The Court advised the Plaintiff and Mr. Bey that if no further briefs were filed that the Court would deal with the matter on the basis of the pro se filing.

On June 5, 2007, Defendant  Sanford filed a Motion for Sanctions pursuant to the Court's inherent authority against the Plaintiff and Mr. Bey on the basis that Mr. Bey misrepresented to the Court that he was licensed to practice in North Carolina and that his representation of Mr. Drake began after March 30, 2007.   No Memorandum in Opposition was filed by or on behalf of Mr. Drake.

On July 18, 2007, the Court held a hearing with regard to Defendant  Sanford's Motion to Dismiss and Motion for Sanctions.  At the hearing on July 18, 2007, the Court heard oral arguments from the Plaintiff, Mr. Bey, and Counsel for Defendant Sanford.  On further inquiry from the Court, Mr. Bey was unable to provide evidence that he was licensed to practice in North Carolina or any other state.

## II.  STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872.  In considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied,

American Home Products Corp. v. Mylan Labs., Inc.  510 U.S. 1197 (1994); see also Randall v.

United States, 30 F.2d 518, 522 (4th Circ. 1994), cert. denied, 514 U.S. 1107 (1995).  A pro se

complaint must be read liberally, and such persons are not held to the strict pleading requirements

otherwise required of attorneys.    Estelle v. Gamble,  429 U.S. 97, 106-07 (1976); Haines v. Kerner,

404 U.S. 519 (1972).  When, however, it appears to the Court that the plaintiff has totally failed to

state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss

granted.  Fed. R. Civ. P. 12(b)(6).

### III.  SANCTIONS

**A.    Inherent Authority**.

Courts may impose sanctions based on their inherent authority.

> Rule 11 has not robbed the district courts of their inherent
> power to impose sanctions for abuse of the judicial system.
> In Chambers v. NASCO, Inc., 501 U.S. 32, 49 111 S.Ct.
> 2123, 115 L.Ed 2d  27 (1991), the Court was quite clear
> that "the inherent power of a court can be invoked even if
> procedural rules exist which sanction the same conduct."
> The Court stated that there was "no basis for holding that
> the sanctioning scheme of the statute and the rules
> displaces the inherent power to impose sanction for . . .
> bad-faith conduct . . ."  At 46, 111 S.Ct. 2123.

Methode Electronics v. Adams Technologies, 371 F.3d 923, 927 (7th Cir. 2004); see also Clark

Construction Group, Inc. v. City of Memphis, 229 F.R.D. 131, 137-138 (W.D. Tenn. 2005).

"Sanctions authorized under the court's inherent powers include the striking of frivolous

pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of attorney's fees, and

outright dismissal of a lawsuit."  Allapattah Services, Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373

(S.D. Fla. 2005).  "One may be found to have committed contempt of court by practicing law without

being properly authorized to do so." 17 Am. Jur.2d, Contempt  §64 Unauthorized Practice of Law.

3

**B.    Rule 11**.

"On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."  Rule 11 (c)(1)(B), Federal Rules of Civil Procedure.  This Court raises  Rule 11 <u>sua</u> <u>sponte</u> based on Mr. Bey's misrepresentation to this Court  that he was licensed to practice law; his attendance and involvement at the hearings on May 16, 2007, and July 18, 2007; and his representation of the Plaintiff and advocating the Plaintiff's Complaint,  Motion to Strike Motion to Dismiss and Memorandum in Support, and Objection to the Magistrate's Report and Recommendation, which lack any and legal or evidentary support against Defendant Sanford.

## IV.    LAW/DISCUSSION

**A.    Motion to Dismiss.**

Plaintiff alleges that Defendant Sanford "did not set procedures and provide adequate training for the Sheriff[s] deputies of Kershaw county in arrest procedures, crime evaluation, [and] verbal communications..."  Complaint at Page 5.  Defendant Sanford contends that he is entitled to Eleventh Amendment immunity in his official capacity.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest.  If review of the pleadings indicates that the state is, in fact the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution.  Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes, :but

4

the court found that state agencies, divisions, departments, and officials are entitled to Eleventh

Amendment immunity. Id. at 70.   In reaching this conclusion, the court held that a suit against state

officials acting in their official capacities is actually against the office itself and, therefore, against the

state.  State officials may only be sued in their individual capacities.  Therefore, Defendant Sanford is

entitled to Eleventh Amendment immunity from monetary damages in his official capacity.

        The  Ex parte Young exception to the Eleventh Amendment immunity requires that the

Governor "must 'by virtue of his office ha[ve] some connection' with the unconstitutional act or

conduct complained of."  Stanley v. Darlington County School District, 879 F. Supp. 1341, 1362

(D.S.C. 1995), citing Ex parte Young, 209 U.S. 123, 157, 28 S.Ct.  441, 453, 52 L.Ed. 714, (1908).

Defendant Sanford does not have any connection with the alleged unconstitutional act or conduct

complained of by the Plaintiff.  The General Assembly provides for the duties of the Sheriff and

compensation.  Article , §24, South Carolina Constitution.  The respective Counties provide financial

support for the Sheriff through County appropriations.  See §4-9-30 (5)(a),  Code of Laws of South

Carolina.  Consequently, the Governor does not provide for the duties of the Sheriff nor have any fiscal

responsibilities for the Sheriff.

        The Fourth Circuit has held that the Eleventh Amendment protects a state official acting in his

official capacity.

> Under the Eleventh Amendment, "a State cannot be sued
> directly in its own name regardless of the relief sought,
> "absent consent or permissible congressional abrogation.
> And for purposes of the Eleventh Amendment, a state
> official acting in his official capacity is protected from a
> damages action by the same immunity.

(Citations omitted.) Ballenger v. Owens, 352 F.3d 842, 844-855 (4th Cir. 2003).  See also Shepherd v.

Wellman, 313 F.3d 963 (4th Cir. 2002) rehearing denied (in  §1983 cases  Plaintiffs are required to "set

forth clearly in their pleadings that they are suing the state defendants in their individual capacity for

damages, not simply their capacity as state officials.").

In the Plaintiff's prayer for relief, he is seeking both retroactive monetary damages and

injunctive relief.  However, the Eleventh Amendment precludes  retroactive monetary damages against

state officials in their official capacity.

> The Eleventh Amendment bars claims by individuals
> seeking to impose retroactive monetary damages on the
> state unless the state consents to the filing of the suit.
> Similarly, state officials acting in their official capacity
> cannot be sued pursuant to the Eleventh Amendment for
> retroactive monetary damages.

(Citations omitted.)  Andrews v. Elkins, 227 F.Supp. 2d 488, 494 (M.D.N.C. 2002), affirmed 60

F.Appx., 498, cert. denied,  157 L.Ed. 228.  With the regard to the requested injunctive relief regarding

Defendant Sanford, the Plaintiff has not alleged any ongoing conduct that violates the Constitution or a

federal statute.

To the extent that Defendant Sanford is sued individually, Plaintiff's Complaint does not allege

a level of involvement on part of Governor Sanford sufficient to hold him liable under §1983.   To the

extent the Plaintiff is suing Defendant Sanford in his official capacity,  the claim is  barred by the

Eleventh Amendment.

**B.**    **Motion for Sanctions**.

The North Carolina State Bar has certified "Sakima Bey is not now and has never been a

member of the North Carolina State Bar."  Affidavit of Tammy Jackson, Membership Director for the

North Carolina State Bar, dated May 31, 2007, which is Attachment  A to Defendant Mark Sanford's

Memorandum in Support of Motion for Sanctions.  It is a felony in South Carolina, for someone to

practice without being admitted and sworn as an attorney.

> No person may practice or solicit the cause of another
> person in a court of this State unless he has been admitted
> and sworn as an attorney.  A person who violates this
> section is guilty of a felony and, upon conviction, must be
> fined not more than five thousand dollars or imprisoned
> not more than five years or both.

§40-5-310, Code of Laws of South Carolina.  The representation of Mr. Drake by a non-licensed-

attorney constitutes the unauthorized practice of law.  Stout v. Robnett, 107 F. Supp.2d 699 (D.S.C.

2000),  see also State v. McLauren, 563 S.E.2d 346 (S.C. App. 2002), (practice of law includes the

preparation and filing of documents even if  person does not actually appear in Court).

As provided for by the Local Civil Rules,  attorneys must apply for admission to practice

before this Court pursuant to the procedure set forth in Local Rule 83.1.03.  Furthermore, Local Rule

83.1.04 requires that all litigants, except parties appearing pro se,  be represented by at least one

member of the Bar of this Court.

At the hearing on May 16, 2007, Mr. Bey represented that he was a member of the North

Carolina Bar and that he was representing Mr. Drake.  At the hearing on July 18, 2007, Mr. Bey again

expressed his intent to represent Mr. Drake at the hearing.  In addition, Mr. Drake stated that he wished

Mr. Bey to speak on his behalf and understood that Mr. Bey was representing him with regard to the

hearing.  However, when Mr. Bey was unable to provide any evidence that he was licensed to practice

in North Carolina or any other state, this Court ordered Mr. Drake to proceed pro se and prohibited Mr.

Bey from representing Mr. Drake.

The least severe sanction that would adequately serve the purpose of Rule 11 is for this Court to

remove Mr. Bey as counsel for Plaintiff, prohibit Mr. Bey from practicing law in this Court, and require

Mr. Bey to remain behind the bar with general public.  Removal of Mr. Bey from further participation in

this case is an appropriate sanction for improper conduct.  See Lelsz v. Kavanagh, 137 F.R.D. 646 (N.D.

Tex. 1991).  These sanctions are also proper because of Mr. Bey's abuse of the judicial system.

## V.    CONCLUSION

It is, therefore,

ORDERED that Defendant Sanford's Motion to Dismiss is granted.

ORDERED that  Defendant Sanford's Motion for Sanctions resulting from representations

made by Mr. Bey to this Court is granted, and Mr. Bey is therefore removed as counsel in this case.

IT IS SO ORDERED.

_____
United States District Judge

August 9, 2007
Columbia, South Carolina