UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| John Drake, Pro Se ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:06-1611-MJP-JRM |
| ) | |
| Sheriff Deputy Dale Ham, Kershaw ) | |
| County Sheriff's Department, County) | |
| Commissioners of Kershaw County ) | ORDER AND OPINION |
| State of South Carolina, Mark ) | |
| Sanford Governor of South Carolina,) | |
| and Tuffy's Towing & Garage, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Defendant Tuffy's Towing & Garage Motion to Dismiss filed.

### 1. FACTS

On May 26, 2006, the Plaintiff, appearing pro se, accused Defendant Tuffy's Towing & Garage and other Defendants of violating his constitutional rights. This Court construes this as an action under 42 U.S.C. § 1983. Defendant Tuffy's Towing & Garage filed a Motion to Dismiss. The Plaintiff filed a Motion to Strike, Motion to Dismiss, and Memorandum in Support, which this Defendant and the Court are treating as a Memorandum in Opposition to Defendant's Motion to Dismiss.

On March 9, 2007, the Honorable Joseph R. McCrorey, United States Magistrate Judge, filed a Report and Recommendation, in which he recommended that Defendant Tuffy's Towing & Garage Motion to Dismiss be granted. On March 20, 2007,

the Plaintiff, John Drake, filed an Objection to the Report and Recommendation.

The Court scheduled and held a hearing on the Magistrate's Report and Recommendation on May 16, 2007. At the hearing, Mr. Sakima Bey appeared for the first time on behalf of the Plaintiff and represented that he was admitted to practice in North Carolina. The Court granted the Plaintiff and Mr. Bey thirty (30) days to file a Memorandum in Opposition to the Motion to Dismiss, during which time Mr. Bey would take care of making a proper appearance before the Court. The Court advised the Plaintiff and Mr. Bey that if no further briefs were filed that the Court would deal with the matter on the basis of the pro se filing.

On July 18, 2007, the Court held a hearing with regard to Defendant Tuffy's Towing & Garage's Motion to Dismiss. At the hearing on July 18, 2007, the Court heard oral arguments from the Plaintiff, Mr. Bey, and Counsel for Defendant Tuffy's Towing and Garage. On further inquiry from the Court, Mr. Bey was unable to provide evidence that he was licensed to practice in North Carolina or any other state.

## II. STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hishon v. King & Spaulding, 467 U.A. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F/ 2d 870, 872. In considering a Motion to Dismiss, the Court should accept as true all well-pleaded allegations and should view the Complaint in a light most favorable to the Plaintiff. Mylan Labs., Inc. V. Matkari, 7.3d 1130 (1993), cert. denied, American Home Products Corp. V. Mylan Labs., Inc. 510 U.S. 1197 (1994);

see also Randall v. United States, 30 F 2d 518, 522 (4th Circ. 1994), cert. denied, 514 U.S. 1107 (1995). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972). When, however, it appears to the Court that the Plaintiff has totally failed to state a claim which would entitle him to relief, a Defendant is entitled to have its motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 12B6 requires the Court to dismiss any claims that fails to state a legally recognized action against a party. Plaintiff's Complaint fail to allege facts sufficient to constitute a legal claim against Tuffy's Towing & Garage. Nor does Plaintiff allege that the Defendant was acting under color of state law and furthermore fails to allege facts supporting such a conclusion .

IT IS THEREFORE ORDERED that the Defendant Tuffy's Towing and Garage's Motion to Dismiss is granted with prejudice.

IT IS SO ORDERED

_____
The Honorable Matthew J. Perry, Jr.
United States District Judge

August 15, 2007

Columbia South Carolina